UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK CHAPMAN, IRENE CHAPMAN,
KATHY RUFF, WILLIAM RUFF and
MELISSA LAGOTTE,

    Plaintiffs,

v.                                     Case No: 8:16-cv-2111-T-36MAP

ACE AMERICAN INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Defendant ACE American Insurance Company's ("ACE") motion to dismiss. Doc. 5. Plaintiffs, Mark Chapman, Irene Chapman, Kathy Ruff, William Ruff and Melissa Lagotte (collectively "Plaintiffs") responded in opposition to the motion. Doc. 10. In the motion, ACE contends that Plaintiffs' claim against ACE for breach of contractual duties with respect to a suit commenced seventeen years ago is barred by a five-year statute of limitation. The Court, having considered the motion, response thereto, and the Complaint, and being fully advised in the premises, will deny the motion.

**I.    STATEMENT OF FACTS**[1]

This action stems for an alleged breach of contract for refusing to defend and indemnify. The Complaint alleges the following:

*Insurance Policy*

---

[1] The statement of facts is derived from Plaintiff's Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant motion. *See Linder v. Portocarrero*, 963 F. 2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

In or around March 1995, Taylor sought and received state licensing from Florida to provide "Non-residential Programs: Outpatient Treatment" for Concepts. Doc. 2 at ¶ 8. Taylor and Concepts purchased from Defendant an insurance policy entitled Allied Health Care Provider Professional and Supplementary Policy No. 011922 (hereafter, "the Policy"), effective for the time period from February 1, 1997 to February 1, 1999. *Id.* at ¶ 9 and Ex. A. The Policy provides Professional Liability coverage and obligates Defendant to pay for "all amounts up to the limit of liability, which you become legally obligated to pay as result of injury or damage to which this insurance applies." *Id.* at ¶ 10. The Policy also provides Supplemental Liability coverage and obligates Defendant to pay for "all amounts up to the limits of liability which you become legally obligated to pay as a result of injury or damage." *Id.* at ¶ 11. The Policy further states that Defendant has "the right to and will defend any claim. We will: (A) do this even if any of the charges of the claim are groundless, false or fraudulent; (B) investigate and settle any claim as we feel appropriate." *Id.* at ¶ 12.

*The Taylor Lawsuit*

Robert Taylor and Concepts owed a duty to Gregory Chapman and Melissa Lagotte pursuant to Fla. Stat. §397.501 (3) to provide services suited to their needs, administered skillfully, safely, humanely with full respect for their dignity and personal integrity and in accordance *with* all statutes and regulatory requirements. *Id.* at ¶ 13. Robert Taylor and Concepts had a duty to provide the mental health and substance abuse counseling at a level of care, skill and treatment which in light of all relevant circumstances is recognized as acceptable and appropriate by reasonably prudent mental health and substance abuse counselors. *Id.* at ¶ 14. On August 5, 1999 plaintiffs filed a lawsuit in Hillsborough County against Taylor and Concepts: Case No. 99-06242, MARK CHAPMAN, individually and as Personal Representative of the ESTATE OF GREGORY

CHAPMAN, deceased, and MARK CHAPMAN, individually and as Personal Representative of the ESTATE OF BARBARA CHAPMAN, deceased, and IRENE CHAPMAN, KATHY RUFF and WILLIAM RUFF, and MELISSA LAGOTTE, vs. ROBERT TAYLOR and RECOVERY, a/k/a RECOVERY CONCEPTS, INC. *Id.* at ¶ 16. The Complaint included claims of negligence against Taylor and Concepts, triggering Defendant's duty to defend. *Id.* at ¶ 15. Taylor and Concepts consented to judgment in favor of Plaintiffs, and judgment was entered in that case on May 15, 2012.  *Id.*; *See also* Ex. B a copy of the Agreement to Enter into a Consent Judgment, the Joint Motion for Entry of Judgment by Consent, and the signed Consent Judgment. Robert Taylor and Concepts became liable to Plaintiffs, triggering Defendant's duty to indemnify Taylor and Concepts. *See id.* at ¶ 16. As a part of the Agreement to Enter into a Consent Judgment, Taylor and Concepts assigned all rights each may have had under the Policy which were in existence at the time each provided services or treatment to any of the Plaintiffs. *Id.* at ¶ 17

In 2000 and again in 2009 and 2012, Defendant was notified of the injuries to the Plaintiffs and the claims related to those injuries and had due opportunity to defend the lawsuit. *Id.* at ¶ 18. Having received notice of Plaintiffs' injuries, Defendant responded to the insured and Plaintiffs that it was denying coverage and would not defend the action. *Id.* In a related case against the Department of Children and Family Services, Case No. Ol-CA-010405, *CHAPMAN et al. vs. FLA. ST. DEPT. OF CHILDREN & FAMILIES*, a jury found that Plaintiffs suffered damages totaling almost $6.5 million. *Id.* at ¶ 19. That verdict was overturned by the Court of Appeals on the theory that the Department was immune from suit. *Id.* Nevertheless, the $6.5 million in damages was found to be reasonable by the jury and the trial court. *Id.*

In their Complaint, Plaintiffs' seek compensation for a breach of contract by ACE in (a) refusing to defend Taylor and Concepts and (b) refusing to indemnify Taylor and Concepts for the

3

judgment which Taylor and Concepts became legally obligated to pay on May 15, 2012. *Id.* at ¶ 24. The instant motion followed.

## II.     LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). When ruling on a motion to dismiss the Court must accept as true the factual allegations in the complaint. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983). The court, however, is not bound to accept as true a legal conclusion labeled as a "factual allegation" in the complaint. *Ashcroft v. Iqbal,* 556 U.S. at 678*.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citation omitted).

## III.    DISCUSSION

In Florida, the statute of limitation for an action based upon an obligation founded on a written instrument is five years. *See* Fla. Stat. § 95.11(2)(b). The limitations period begins to run "from the time the cause of action accrues." Fla. Stat. 95.031. Moreover, "a cause of action against a liability insurer by its insured does not accrue until the entry of judgment against the insured."

4

*State Farm Fire & Cas. Co. v. Robinson*, 529 So.2d 1210, 1211 (Fla. 5th DCA 1988). "It is the rule in Florida, as well as generally, that in cases for breach of an insurer's duty to defend, 'the time period for measuring a statute of limitations commences at the time a litigant's liabilities or rights have been finally and fully adjudicated.'" *Grissom v. Commercial Union Ins. Co.,* 610 So. 2d 1299, 1309 (Fla. 1st DCA 1992) (citing *Employers' Fire Ins. Co. v. Continental Ins. Co.,* 326 So.2d 177, 181 (Fla. 1976)). Ordinarily, the statutory time commences on the date when judgment was entered and the litigation has come to an end. *See Continental Cas. Co. v. Florida Power & Light Co.,* 222 So.2d 58, 59-60 (Fla. 3d DCA), *cert. denied,* 229 So.2d 867 (Fla.1969) (holding that "Florida Power & Light's cause of action, a right to recover expenses incurred in defending a third-party action resulting from Continental's refusal to defend the third-party action in violation of its contractual duty, did not accrue until the third-party litigation ended.").

Plaintiffs argues that either as assignees of the Insured or as third-party[2] judgment creditors, the action is not time barred. This Court agrees. ACE's contentions that the statute of limitations began to run when it first refused to pay the claim is contrary to established Florida law. Here, the record reflects that Plaintiffs first obtained a settlement and/or consent judgment against the Insured on May 15, 2012. Plaintiff commenced the instant action on May 11, 2016. As such, the instant action was filed well within the applicable statute of limitations.

Moreover, the cases cited by ACE are distinguishable for several reasons, i.e., they do not involve liability insurance or the breach of duties to defend or indemnify. *See Dinerstein v. Paul*

---

[2] Plaintiff also argues that ACE's motion fails to consider its' rights as third-party judgment creditors and this oversight is fatal to the motion because its' third-party cause of action against ACE could not have accrued until they first obtained a settlement against the Insured on May 12, 2012. *See* Fla. Stat. § 627.4136(1); *Hett v. Madison Mut. Ins. Co., Inc.*, 621 So. 2d 764, 766 (Fla. 2d DCA 1993) ("By its very terms, section 627.7262(1)(renumbered as of October 1, 1992) provides that a cause of action against the insurer does not accrue until a settlement is reached or a verdict is rendered against the insured.").

*Revere Life Ins. Co.*, 173 F.3d 826 (11th Cir. 1999) (involving an insured's action for benefits under a disability insurance policy); *Donovan v. State Farm Fire & Cas. Co.*, 574 So. 2d 285, 286 (Fla. 2d DCA 1991) (involving an insured's action to recover personal injury protection (PIP) benefits); and *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818 (Fla. 1996) (involving an insured's action to recover PIP benefits)). Therefore, ACE's Motion to Dismiss is **DENIED**.

**IV.   CONCLUSION**

For the reasons stated above, it is hereby **ORDERED**:

1.   Defendant's Motion to Dismiss (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on March 13, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any